## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| ERIC WILLIAM JOHNSON., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff United States Securities and Exchange Commission (the "Commission"), for its Complaint against Defendant Eric William Johnson, alleges as follows:

## NATURE OF ACTION

1.      This is a case about a financial professional who abused the trust that his clients placed in him in order to steal from those clients repeatedly over a ten-year period so that he could spend the money on himself.

2.      Until recently, Eric William Johnson ("Johnson" or "Defendant") was a registered representative at Redridge Securities, Inc. ("Redridge"), where he was compensated for providing investment advice to the firm's clients.

3.      On September 24, 2014 and October 1, 2014, Johnson admitted to the staff of the Commission that, on multiple occasions over the last ten years, he had stolen money from the clients he served by fraudulently wiring funds from his clients' cash accounts into his own bank

account. On at least one occasion, Johnson went so far as to liquidate securities held by one of his clients so that he could wire the proceeds to himself. Over the course of more than 100 such fraudulent wire transfers, Johnson stole more than $1,000,000 from his clients.

4.      By engaging in such conduct, Johnson violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5(a) and (c) thereunder [17 C.F.R. §240.10b-5(a) and (c)] and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. 80b-6(1)-(2)].

5.      The Commission brings this action seeking: (a) permanent injunctions against future violations; (b) disgorgement of ill-gotten gains plus prejudgment interest thereon; (c) civil money penalties; and (d) other ancillary relief, including an asset freeze over all assets in Johnson's possession, custody or control; an order prohibiting the destruction, mutilation, concealment, alteration, or disposition of books and records; and expedited discovery.

## JURISDICTION AND VENUE

6.      The Commission brings this action pursuant to Section 21(d) of the Exchange Act [15 U.S.C. §78u(d)] and Sections 209(d) and 209(e) of the Advisers Act [15 U.S.C. § 80b-9(d)-(e)].

7.      This Court has jurisdiction over this action pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa] and Section 214 of the Advisers Act [15 U.S.C. § 80b-14], and 28 U.S.C. § 1331.

8.      Venue is proper in this Court pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa] and Section 214 of the Advisers Act [15 U.S.C. §80b-14].

9.     Acts, practices, and courses of business constituting violations alleged in this complaint have occurred within the jurisdiction of the United States District Court for the Northern District of Illinois and elsewhere.  Defendant Johnson is a resident of this District.

10.    Defendant Johnson, directly and indirectly, made use of the means and instrumentalities of interstate commerce and of the mails in connection with the acts, practices, and courses of business alleged in this complaint.  The Defendant will, unless enjoined, continue to engage in the acts, practices, and courses of business set forth in this complaint, and acts, practices, and courses of business of similar purport and object.

## DEFENDANT

11.    Eric W. Johnson, age 51, is a resident of Hinsdale, Illinois and was, until recently, a registered representative and investment adviser at Redridge.

## FACTS

12.    On September 24, 2014, at his own request, Johnson met with the staff of the Commission at the Commission's Chicago Regional Office.  During that meeting, and a second meeting that took place on October 1, 2014 at which Commission staff were also present, Johnson advised Commission staff that he had engaged in the conduct described in this complaint.

13.    Until recently, Johnson was employed as a registered representative and investment adviser by Redridge, a Chicago, Illinois-based broker-dealer and investment adviser.  While employed at Redridge, Johnson was compensated for, among other things, providing investment advice to clients with respect to, among other things, securities transactions.

14.    Johnson owed a fiduciary duty to his advisory clients.

15.    Beginning in approximately 2004 and continuing through 2014, Johnson engaged in a series of fraudulent transactions by which he misappropriated funds from his clients' accounts. Johnson accomplished each such transaction by forging his clients' signatures on wire transfer instructions directing the transfer of funds from his clients' accounts into an account in Johnson's name at Bank Financial.  Johnson did this without the clients' knowledge or authorization.

16.    Johnson took steps to avoid detection of his fraud.  When submitting the fraudulent wire transfer instructions, Johnson made use of computers in Redridge's office that were not tied to Johnson's username or computer account.  Johnson specified on the wire transfer instructions that there be no confirmation of the transactions sent to Redridge's offices or email addresses. He purposefully kept the transactions relatively small, typically in amounts between $2,000 and $5,000.  Finally, Johnson purposefully selected clients with large accounts and for whom his strategies and investment advice had yielded significant profits, believing that these sorts of clients would not notice unauthorized wire transfers of a few thousand dollars from their cash accounts.

17.    On at least one occasion, Johnson sold a client's securities without the client's knowledge or authorization so that he could wire the proceeds of the sale to his personal account at Bank Financial via the same type of fraudulent wire transaction described above.

18.    Between approximately 2004 and 2014, Johnson engaged in approximately 115 of these fraudulent wire transactions by which he misappropriated a total of approximately $1,050,000 from his clients.

19.     While Johnson has not yet accounted for the whereabouts of the investor funds he misappropriated, he has advised Commission staff that he spent all of the money on a variety of items and services.

## COUNT I

## VIOLATIONS OF SECTIONS 206(1) AND 206(2) OF THE ADVISERS ACT

20.     Paragraphs 1 through 19 are alleged and incorporated by reference as though fully set forth herein.

21.     Between approximately 2004 and 2014, Johnson, on multiple occasions, while acting as an investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, employed a device, scheme or artifice to defraud a client and engaged in a transaction, practice, or course of business that operated as a fraud or deceit upon a client.

22.     Johnson acted with scienter.

23.     By reason of the activities described in paragraphs 20 - 22 above, Johnson has violated Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. 80b-6(1)-(2)].

## COUNT II

## VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT
### AND RULE 10b-5(a) and (c) THEREUNDER

24.     Paragraphs 1 through 19 are alleged and incorporated by reference as though fully set forth herein.

25.     Between approximately 2004 and 2014, Johnson, on at least one occasion, in connection with the purchase and sale of securities, directly or indirectly, by the use of the means and instrumentalities of interstate commerce and of the mails, employed devices, schemes and

artifices to defraud and engaged in acts, practices and courses of business that operated as a fraud and deceit upon his clients.

26.    Johnson acted with scienter.

27.    By reason of the activities described in paragraphs 24 – 26 above, Johnson has violated Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5(a) and (c) thereunder [17 C.F.R. §240.10b-5(a) and (c)].

**COUNT III**

**IN THE ALTERNATIVE, AIDING AND ABETTING**
**VIOLATIONS OF SECTIONS 206(1) AND 206(2) OF THE ADVISERS ACT**

28.    Paragraphs 1 through 19 are alleged and incorporated by reference as though fully set forth herein.

29.    Between approximately 2004 and 2014, Redridge, through Johnson, on multiple occasions, while acting as an investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, employed a device, scheme or artifice to defraud a client and engaged in a transaction, practice, or course of business that operated as a fraud or deceit upon a client.

30.    Johnson knowingly and substantially assisted Redridge in fraudulently transferring money out of its clients' cash accounts.

31.    Redridge and Johnson acted with scienter.

32.    By reason of the activities described in paragraphs 28 – 31 above, Johnson has aided and abetted violated Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. 80b-6(1)-(2)].

## RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that this Court:

### I.

Find that the Defendant committed the violations charged and alleged in this complaint.

### II.

Enter an order of permanent injunction as to the Defendant, in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure, enjoining the Defendant, and his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order, by personal service or otherwise, and each of them from, directly or indirectly, engaging in the transactions, acts, practices, or courses of business described above, or in conduct of similar purport and object, in violation of Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. 80b-6(1)-(2)] and Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5(a) and (c) thereunder [17 C.F.R. §240.10b-5(a) and (c)].

### III.

Enter an order requiring the Defendant to disgorge all ill-gotten gains, including prejudgment interest, he received as a result of the violations charged in this complaint.

### IV.

Enter an order imposing upon the Defendant appropriate civil penalties pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] and Section 21(d) of the Exchange Act [15 U.S.C. §78u(d)].

## V.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that are entered or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VI.

Grant appropriate emergency relief to prevent further dissipation of assets stolen from or purchased with investor funds.

## VII.

Grant such other and further equitable relief as this Court deems appropriate and necessary.

\*        \*        \*

## JURY DEMAND

The Commission demands a trial by jury.

8

Dated: November 5, 2014

Respectfully submitted,

**UNITED STATES SECURITIES AND
EXCHANGE COMMISSION**

By:     One of its Attorneys

Charles J. Kerstetter, Esq.
Andrew P. O'Brien, Esq.
**United States Securities and Exchange Commission**
175 West Jackson Boulevard
Ninth Floor
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398